UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DEVIN FLOYD,

Plaintiff,

v.

JAGDEEP SINGH, et al.,

Defendants.

Case No.  24-cv-06879-AGT

**ORDER DISMISSING WITH LEAVE TO AMEND IN PART**

Re: Dkt. Nos. 16, 24

Plaintiff Michael Devin Floyd, appearing pro se, filed suit against defendants Officers Jagdeep Singh and Cameron Sawyer (collectively, Defendants).[1] Dkt. 1. Defendants move to dismiss this action. Dkt. 16. Having previously found this matter suitable for disposition without oral argument, *see* dkt. 22, the Court now grants the motion to dismiss as to Floyd's first, second, and fourth claims with leave to amend, and dismisses his third, fifth, sixth, and seventh claims without leave to amend. Floyd may file an amended complaint by September 5, 2025.

## I.    Background

Floyd alleges that on October 1, 2022, around 9:45 p.m., he was in the locker room of a 24 Hour Fitness gym. Dkt. 1 at 3.[2] After working out, Floyd went to the locker room to

---

[1] Both Defendants are officers of the Hayward Police Department. Dkt. 1.

[2] Page numbers in this order correspond to the Electronic Case Filing numbers at the top of each page.

shower. *Id.* There, he was approached by two gym employees and two police officers. *Id.* The gym manager ordered Floyd to leave the gym. *Id.* at 4. Floyd recorded the interaction on his cell phone. *Id.* According to gym manager, another gym member accused Floyd of harassment. *Id.* Floyd challenged the manager, then approached the manager while recording. *Id.* Floyd asked and was denied the request to shower before leaving the gym. *Id.*

At that point, the officers asked the manager if Floyd should be arrested for trespassing. *Id.* The manager said yes. *Id.* The officers approached and grabbed Floyd's hands to cuff him. *Id.* Floyd was not allowed to get his personal items, but grabbed a hold of one of the lockers. *Id.* at 4–5. Officers removed Floyd's hands from the locker and "pinned" Floyd to the ground. *Id.* While Floyd was "pinned" on the ground, one of the officers placed a taser on Floyd's leg and threatened to discharge the taser if Floyd resisted the officer. *Id.* at 5. Throughout, Floyd requested to take his possessions. *Id.*

After Floyd was cuffed and back on his feet again, the gym manager collected Floyd's possessions over Floyd's objections.[3] *Id.* Floyd was taken to the patrol vehicle placed in the back seat in handcuffs. From his vantage point, Floyd allegedly saw one of the officers "messing with" Floyd's cell phone. *Id.*

Floyd filed this action against Defendants in their individual and official capacities, dkt. 1 at 11, and another, separate suit against the gym. *See Floyd v. 24 Hour Fitness USA, LLC*, No. 23-cv-00871 (N.D. Cal.); dkt. 1 at 10. Defendants move to stay this action pending the resolution of state criminal charges against Floyd or, alternatively, to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. 16.[4]

---

[3] Floyd alleges that the manager went to grab Floyd's possessions, but also that he did not see who ultimately collected his items. Dkt. 1 at 5.
[4] The Court grants Floyd's request for judicial notice of proceedings, *see* dkt. 24, in Alameda

## II.    Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Conclusory statements that are unsupported by factual allegations are "not entitled to the assumption of truth." *Id.* at 679.

"[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks and citation omitted). "A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (internal quotation marks and citation omitted).

## III.    Discussion

Defendants move to dismiss, arguing that Floyd has not stated a claim against the City of Hayward and so any claims against Defendants in their official capacities must be dismissed, and that otherwise Floyd has failed to properly state any claims for relief. Dkt.

---

County Criminal Court Case, No. 22-CR-01291. *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (holding that a court may take judicial notice of proceedings in other courts). Floyd's criminal charges were dismissed. Dkts. 24 & 27. Defendants notified the Court that the request for a stay should be denied as moot. Dkt. 27. The Court agrees.

16.

## A. Claims against Defendants in their Official Capacities

Floyd sues Defendants in both their individual and official capacities. Dkt. 1 at 11. Defendants move to dismiss claims against Defendants in their official capacities, arguing that official capacity suits are another way of pleading an action against the entity which employs the officer. Dkt. 16 at 13–14.

"State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

Here, Floyd sues Defendants in their official capacities, meaning that the named Defendants "assume the identity" of the City of Hayward.[5] *Hafer*, 502 U.S. at 27. However, Floyd does not allege any policy, ordinance, regulation, or decision from the City of Hayward which caused his injuries, nor does he allege that Defendants were acting pursuant to such a policy, nor does he respond to Defendants' arguments regarding this in opposition. *See* dkt. 20. As such, his suit against Defendants in their official capacities must fail. To the extent that any of his claims are asserted against Defendants in their official capacities, those claims must be dismissed with leave to amend.[6]

---

[5] City of Hayward is not named as a defendant.

[6] Floyd does not allege which claims are brought against which Defendants, or under which capacity. The following discussion assumes that Floyd brought all his claims against both

## B.  Fourth Amendment Claims

Floyd's first, second, and fourth claims allege violations of the Fourth Amendment.

### 1.  First and Second Claims

Floyd pleads two 42 U.S.C. § 1983 violations predicated on a search of his cell phone and a seizure of his person in violation of the Fourth Amendment. Dkt. 1 at 5–6. Defendants move to dismiss, arguing in part that Floyd has failed to allege the necessary participation by Defendants. Dkt. 16 at 14.

To state a claim under § 1983, a plaintiff must allege "(1) acts by the defendants (2) under color of state law (3) depriving [the plaintiff] of federal rights, privileges or immunities (4) causing [the plaintiff] damage." *Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994). "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . ." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Nor can an individual be liable under a "'team effort' standard that allows the jury to lump all the defendants together, rather than require it to base each individual's liability on his own conduct." *Hopkins v. Bonvicino*, 573 F.3d 752, 769–70 (9th Cir. 2009) (quoting *Chuman v. Wright*, 76 F.3d 292, 295 (9th Cir. 1996)).

Floyd therefore must show that each defendant, through their own individual actions, caused his constitutional injuries. *Ashcroft v. Iqbal*, 556 U.S. at 676; *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are

---

Defendants in their individual capacities. In any amended complaint, Floyd must properly allege (1) against which Defendants each claim is brought and (2) in what capacity, individual or official.

alleged to have caused a constitutional deprivation.").

This he fails to do. Floyd's complaint, seeking to establish an unlawful search under the Fourth Amendment, for example, alleges only that "officers" rummaged through his belongings and that "one of the officers was doing something" with his cell phone. Dkt. 1 at 5. Seeking to demonstrate a seizure, Floyd alleges that "the officers" grabbed him and that he was "wrestled and pinned," but does not allege by whom. *Id.* at 6. The complaint as drafted fails to clearly distinguish which allegations pertain to which Defendants.

In his opposition, Floyd alleges which Defendants took what action. Dkt. 20 at 5–6. However, an opposition is not the proper place to add facts. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (quoting *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)). Because Floyd fails to allege in his complaint which Defendants did what, these claims cannot succeed.

Floyd's first and second claims, both § 1983 violations predicated on the Fourth Amendment, therefore are dismissed with leave to amend to link specific defendants to specific conduct.

### 2. Fourth Claim

Floyd alleges an unlawful seizure of his personal items. Dkt. 1 at 7. Specifically, he alleges that a "manager" collected his belongings after Floyd was removed from the locker room by the officers. *Id.* He argues that his belongings should not have been collected by the gym employee and that Floyd only should have been permitted to collect his belongings. *Id.*

Defendants argue that this claim should be dismissed because Floyd's complaint only

names two defendants, both police officers, and does not name the gym manager. *See* dkt. 16 at 15.

This lawsuit does not name the manager in question and does not allege the officers themselves collected Floyd's belongings. So, to the extent that this claim is predicated on the fact that the gym manager collected Floyd's possessions, it must fail because this lawsuit is not against the gym or its manager and therefore fails to allege specific conduct by Defendants.[7]

To the extent that this can be construed as a claim that the officers should not have permitted a non-officer to collect Floyd's belongings outside of Floyd's presence, this claim must be dismissed for failure to link a specific defendant with specific conduct. Floyd's complaint only alleges that "both officers" removed him from the locker room. Dkt. 1 at 7. But Floyd does not allege how or which officer permitted this alleged constitutional violation in allowing a non-officer to collect Floyd's possessions.

This claim is dismissed with leave to clarify the nature of the alleged constitutional violation and to link specific defendants to specific conduct.

### C. Fourteenth Amendment Claims

Floyd brings claims for two § 1983 violations linked to purported violations of the Fourteenth Amendment. Dkt. at 6–7. In his third claim, he alleges that the officers' use of or threat to use a taser constituted excessive force under the Fourteenth Amendment. *Id.* In his fifth claim, Floyd alleges that the officers used excessive force in removing him from the locker room, violating the Fourteenth Amendment. *Id.* at 7–8.

Defendants first argue that the third claim constitutes impermissible group pleading.

---

[7] As noted, Floyd filed a separate lawsuit against the gym. *See* dkt. 1 at 10.

Dkt. 16 at 15. The Court agrees. The same defect found in Floyd's Fourth Amendment claims are grounds applicable to dismiss this Fourteenth Amendment claim. Floyd alleges only that "a taser was placed on [his] leg." Dkt. 1 at 7. This third claim must be dismissed for failure to link specific defendants to specific conduct.

Defendants next argue that claims of excessive force are not legally cognizable under the Fourteenth Amendment. Dkt. 16 at 15. The Court again agrees. An excessive force claim does not give rise to a Fourteenth Amendment claim. In *Graham v. Connor*, the Supreme Court held that "all claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment . . . ." 490 U.S. 386, 395 (1989). *Graham* therefore precludes substantive due process claims of this type.

Given that Floyd has failed to link specific defendants with any conduct, and given that excessive force claims cannot be brought under the Fourteenth Amendment in this context, Floyd's third and fifth claims are dismissed without leave to amend. Leave to amend these claims would be futile. *See Steel v. City of San Diego*, 726 F. Supp. 2d 1172, 1180 (S.D. Cal. 2010) (dismissing excessive force claims brought under the Fourteenth Amendment without leave to amend).

### D.  State Law Claims

Sixth and seventh, Floyd brings negligent infliction of emotional distress and intentional infliction of emotional distress claims, respectively. Dkt. 1 at 8–9. Defendants contend that Floyd failed to comply with California's Government Claims Act, barring his claims. Dkt. 16 at 15–16.[8]

---

[8] These are both state law claims. *See Wills v. City of Monterey*, 617 F. Supp. 3d 1107, 1126–

Under the Government Claims Act, "all claims for money or damages against local entities" "shall be presented" to that entity, Cal. Gov't Code § 905, and the plaintiff cannot sue until the claim "has been acted upon by the board, or has been deemed to have been rejected by the board." *Id.* § 945.4. This requirement applies to suits against employees of public entities who are acting within the scope of their employment. *Id.* § 950.2. A claim relating to a cause of action for . . . injury to person shall be presented "not later than six months after the accrual of the cause of action." *Id.* § 911.2(a). Compliance with this requirement constitutes an element of a cause of action for damages against a public entity or official. *State v. Sup. Ct. (Bodde)*, 32 Cal. 4th 1234, 1243–44 (Cal. 2004).

In his complaint, Floyd fails to allege he exhausted his administrative remedies under the Government Claims Act and does not allege that he was excused from compliance. His state law claims must be dismissed for this reason.

Floyd additionally fails to oppose the motion to dismiss these claims and thus concedes them. *See Jenkins v. Cnty. of Riverside,* 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (noting that plaintiff "abandoned her other two claims by not raising them in opposition" to a motion). Because Floyd fails to respond to Defendants' arguments, these claims are dismissed with prejudice. *See Namisnak v. Uber Techs., Inc.,* 444 F. Supp. 3d 1136, 1146 (N.D. Cal. 2020) (dismissing claims with prejudice, noting that plaintiffs did not respond to arguments to dismiss).

/ / /

/ / /

---

27 (N.D. Cal. 2022) (noting that negligent and intentional infliction of emotional distress are state law claims and dismissing for failure to comply with the Government Claims Act).

### IV.    Conclusion

Defendants' motion to dismiss is granted as noted above. Floyd may amend his first, second, and fourth claims. Floyd is denied leave to amend his third, fifth, sixth, and seventh claims. Any amended complaint shall be filed by September 5, 2025.

This order dispenses with dkt. 16.

**IT IS SO ORDERED.**

Dated: August 8, 2025

Alex G. Tse
United States Magistrate Judge