UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>        Plaintiff,<br><br>        v.<br><br>JAGDEEP SINGH, et al.,<br><br>        Defendants. | Case No.  24-cv-06879-AGT<br><br>**ORDER DENYING LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 49 |

Plaintiff, Michael Floyd, seeks leave of court to file a second amended complaint. Dkt. 49. Defendants, Jagdeep Singh and Cameron Sawyer (collectively, Defendants), both Hayward police officers, oppose. Dkt. 52. Finding this matter appropriate for resolution without a hearing, *see* Civil L.R. 7-1(b), and for the reasons that follow, the undersigned now denies leave to file a second amended complaint. The hearing, previously set for March 27, 2026, is vacated.

Floyd seeks leave to include a 42 U.S.C. § 1983 claim, predicated on a Fourth Amendment violation, in his complaint. Dkt. 49. *See also* dkt. 49-6 at 7.[1] He argues that Defendants violated the Fourth Amendment when they failed to reasonably seize his personal belongings in connection with an arrest. *See* dkt. 49 at 2. Specifically, Floyd alleges that his belongings were in his bag and locker, he asked to grab them, and Defendants did

---

[1] Page numbers in this order correspond to the Electronic Case Filing numbers at the top of each page.

not observe the "civilian helper" seizing Floyd's possessions. *Id.* at 2–3. But a civilian (or civilians)[2] grabbed Floyd's possessions against Floyd's wishes without any officer observing. *Id.*

This claim is materially identical to one which Floyd included in his original complaint, dkt. 1 at 7, and first amended complaint. Dkt. 29 at 8–9. As Defendants argue in their opposition, dkt. 52 at 11–12, Floyd is apparently seeking to restate allegations which the Court previously found insufficient and dismissed without leave to amend. Dkt. 39 at 6–7. Indeed, Floyd himself represents that, he "desires to amend the fourth claim in the operative Complaint back into this lawsuit." Dkt. 49 at 1.

For the reasons stated in the Court's order on Floyd's first amended complaint, dkt. 39, Floyd's allegations are now insufficient to support a § 1983 claim predicated on the Fourth Amendment. The Fourth Amendment protects against unreasonable search and seizure by a government actor. U.S. Const., amend. IV. *See also Chong v. United States*, 112 F.4th 848, 855–56 (9th Cir. 2024) (per curiam) (describing how violations of the Fourth Amendment occur). Floyd seeks leave to allege that an unnamed civilian person collected his belongings. Dkt. 49 at 2–3. Floyd, however, does not allege that Defendants ordered a civilian to collect Floyd's belongings, or participated in the collection. Indeed, he alleges that the civilian person collected his belongings outside of the presence of the Defendants. *Id.* at 3. Given that there was no search or seizure by a government actor, the Fourth Amendment is not implicated.[3]

---

[2] Floyd references both a helper and helpers. Dkt. 49 at 3.

[3] Floyd, citing *George v. Edholm*, argues that "[p]olice officers may be liable for a private party's search when the police "ordered or were complicit in the search." 752 F.3d 1206, 1215 (9th Cir. 2014) (cleaned up). For example, where officers allegedly gave false information to a doctor and participated in an invasive medical procedure conducted based on that information, a reasonable jury could conclude that the officers provided "significant

Because this claim is insufficient to support a § 1983 claim based on the Fourth Amendment, leave to amend Floyd's complaint is denied. Leave to amend under Federal Rule of Civil Procedure 15 should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). However, leave to amend may be denied when the amendment would be futile, as it would be here. *See Missouri ex rel. Koster v. Harris,* 847 F.3d 646, 655–56 (9th Cir. 2017). *See also Nghiem v. Santa Clara Univ.*, No. 21-CV-06872-BLF, 2023 WL 3012494, at *5 (N.D. Cal. Mar. 20, 2023) (denying leave to amend under Rule 15 where amendment would be futile).

This order dispenses with dkt. 49.[4]

**IT IS SO ORDERED.**

Dated: March 10, 2026

_____
Alex G. Tse
United States Magistrate Judge

---

encouragement, either overt or covert," and that they "induce[d], encourage[d] or pro-mote[d]" the doctor, such that the doctor's actions were attributable to the state. *Id.* at 1216. Floyd makes no comparable allegation here that the officers participated in collecting the belongings, or induced, encouraged, or promoted the civilian as they collected his belongings. *George* is inapposite and distinguishable.

[4] Floyd also moves under Rule 54. Dkt. 49 at 1. Rule 54, however, pertains to judgments and costs. *See* Fed. R. Civ. P. 54. No judgment has been entered in this case.

3